13 CV 0524

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

MICHAEL SPARBER and TISHAUN ARCHER,

                              Plaintiffs,

    -against-

CITY OF NEW YORK, JOHN PAUL LEDDY, Individually,
CHRISTOPHER ZAPPOLI, Individually, ROBERT MCKEON,
Individually, and JIM HERNANDEZ, Individually,

                              Defendants,

-----------------------------------------------------------------------X

**COMPLAINT**

Docket No.

**Jury Trial Demanded**

JAN 23 2013

      Plaintiffs MICHAEL SPARBER and TISHAUN ARCHER, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

    1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

    4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff MICHAEL SPARBER is a twenty-five year old Hispanic American man.

7.  Plaintiff TISHAUN ARCHER is a twenty-seven year old African American man.

8.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.  Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. That at all times hereinafter mentioned, the individually named defendants, JOHN PAUL LEDDY, CHRISTOPHER ZAPPOLI, ROBERT MCKEON, and JIM HERNANDEZ, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On January 23, 2010, at approximately 2:00 a.m., plaintiffs MICHAEL SPARBER and TISHAUN ARCHER were present in front of 218 East 53rd Street, New York, New York.

14. At the aforesaid time and place, defendant ZAPPOLI grabbed plaintiff SPARBER, forcefully slammed plaintiff into a wall, and used his forearm to push plaintiff's face into a wall, which caused plaintiff's mouth to strike said wall.

15. As a result of the above actions, plaintiff SPARBER sustained a chipped front tooth.

16. Also at approximately the same aforesaid time and place, defendant LEDDY grabbed plaintiff ARCHER, slammed him to the ground, and kneed plaintiff in the back, causing him physical pain and discomfort.

17. After assaulting and battering plaintiffs SPARBER and ARCHER, the defendant officers placed handcuffs on plaintiffs' wrists and transported plaintiffs to an NYPD police precinct.

18. The defendant officers imprisoned plaintiff ARCHER until later that morning when they released plaintiff ARCHER after defendant LEDDY issued him summons number 432206298-2; said summons falsely charged plaintiff ARCHER with disorderly conduct and compelled him to appear in criminal court on March 24, 2010.

19. Plaintiff ARCHER appeared as required on March 24, 2010, on which date all the charges lodged against him were dismissed after a judge determined said charges were legally insufficient.

20. The defendant officers imprisoned plaintiff SPARBER until later that day, when

the defendant officers caused plaintiff SPARBER to be arraigned on baseless charges filed against him based on the false allegations of defendant ZAPPOLI that plaintiff obstructed government administration, resisted arrest, and acted disorderly. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned excessive force and abuse of authority.

21. The malicious prosecution initiated by defendants, caused plaintiff SPARBER to return to court on eight occasions, until on February 10, 2011, all the false charges lodged against him were dismissed after the District Attorney's Office for New York County determined that they could not prove the charges against plaintiff beyond a reasonable doubt.

22. Defendants MCKEON and HERNANDEZ, who both hold the rank of sergeant, supervised defendants ZAPPOLI and LEDDY and approved of, oversaw, and otherwise participated in the arrest and prosecution of plaintiffs SPARBER and ARCHER.

23. Defendants LEDDY, ZAPPOLI, MCKEON and HERNANDEZ either directly participated and/or failed to intervene in the illegal conduct described herein.

24. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, due to discrimination against plaintiffs MICHAEL SPARBER and TISHAUN ARCHER due to their race, as well as a policy, custom or practice of falsification.

25. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD

officers, including the defendants, are insufficiently trained regarding: the use of force, that defendant officers disproportionately use force against African American and Hispanic American individuals, and, improperly abuse their authority to arrest individuals and commit perjury or manufacture evidence to convict such individuals in order to cover up their misconduct.

26. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

27. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

28. As a result of the foregoing, plaintiffs MICHAEL SPARBER and TISHAUN ARCHER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and their constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

29. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiffs MICHAEL SPARBER and

TISHAUN ARCHER, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35. As a result of the foregoing, plaintiffs MICHAEL SPARBER and TISHAUN ARCHER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants arrested plaintiffs MICHAEL SPARBER and TISHAUN ARCHER without probable cause, causing them to be detained against their will for an extended period of

time and subjected them to physical restraints.

38. Defendants caused plaintiffs MICHAEL SPARBER and TISHAUN ARCHER to be falsely arrested and unlawfully imprisoned.

39. As a result of the foregoing, plaintiffs MICHAEL SPARBER and TISHAUN ARCHER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

40. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs MICHAEL SPARBER and TISHAUN ARCHER'S constitutional rights.

42. As a result of the aforementioned conduct of defendants, plaintiffs MICHAEL SPARBER and TISHAUN ARCHER were subjected to excessive force and sustained physical injuries and emotional distress.

43. As a result of the foregoing, plaintiffs MICHAEL SPARBER and TISHAUN ARCHER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

44. Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants maliciously issued criminal process against plaintiffs MICHAEL SPARBER and TISHAUN ARCHER by causing them to be arraigned and prosecuted in New York County Criminal Court.

46. Defendants caused plaintiffs MICHAEL SPARBER and TISHAUN ARCHER to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

47. As a result of the foregoing, plaintiffs MICHAEL SPARBER and TISHAUN ARCHER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

48. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants initiated, commenced and continued a malicious prosecution against plaintiffs MICHAEL SPARBER and TISHAUN ARCHER.

50. Defendants caused plaintiff MICHAEL SPARBER to be prosecuted without any probable cause until the charges were dismissed on February 10, 2011.

51. Defendants caused plaintiff TISHAUN ARCHER to be prosecuted without any probable cause until the charges were dismissed on March 24, 2010.

52. As a result of the foregoing, plaintiffs MICHAEL SPARBER and TISHAUN ARCHER are entitled to compensatory damages in an amount to be fixed by a jury, and are

further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

53. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants had an affirmative duty to intervene on behalf of plaintiffs MICHAEL SPARBER and TISHAUN ARCHER whose constitutional rights were being violated in their presence by other officers.

55. The defendants failed to intervene to prevent the unlawful conduct described herein.

56. As a result of the foregoing, plaintiffs MICHAEL SPARBER and TISHAUN ARCHER were subjected to false arrest, their liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause.

57. As a result of the foregoing, plaintiffs MICHAEL SPARBER and TISHAUN ARCHER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

58. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. The defendants falsely arrested and maliciously prosecuted plaintiffs MICHAEL

SPARBER and TISHAUN ARCHER because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

60. As a result of the foregoing, plaintiffs MICHAEL SPARBER and TISHAUN ARCHER, were deprived of their rights under the Equal Protection Clause of the United States Constitution.

61. As a result of the foregoing, plaintiffs MICHAEL SPARBER and TISHAUN ARCHER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

62. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

64. As a result of the foregoing, plaintiffs MICHAEL SPARBER and TISHAUN ARCHER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

65. Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, subjecting individuals to excessive force, and then arresting citizens without probable cause and then committing perjury and/or manufacturing evidence in an effort to cover up their acts of misconduct, and/or otherwise engaging in widespread falsification. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of disproportionately subjecting African American and Hispanic American individuals to excessive force. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiffs MICHAEL SPARBER and TISHAUN ARCHER'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs MICHAEL SPARBER and TISHAUN ARCHER.

69. The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs MICHAEL SPARBER and TISHAUN ARCHER as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs MICHAEL SPARBER and TISHAUN ARCHER as alleged herein.

71. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs MICHAEL SPARBER and TISHAUN ARCHER were unlawfully seized, detained, incarcerated, searched, and prosecuted.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs MICHAEL SPARBER and TISHAUN ARCHER'S constitutional rights.

73. All of the foregoing acts by defendants deprived plaintiffs MICHAEL SPARBER and TISHAUN ARCHER of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from malicious abuse of process and/or malicious prosecution;

    D. To be free from false imprisonment/arrest;

    E. To receive equal protection under law; and

    F. To be free from the failure to intervene;

74. As a result of the foregoing, plaintiffs MICHAEL SPARBER and TISHAUN

ARCHER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs MICHAEL SPARBER and TISHAUN ARCHER, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
January 23, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs MICHAEL SPARBER
and TISHAUN ARCHER
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MICHAEL SPARBER and TISHAUN ARCHER,

                                    Plaintiffs,

    -against-

CITY OF NEW YORK, JOHN PAUL LEDDY, Individually,
CHRISTOPHER ZAPPOLI, Individually, ROBERT MCKEON,
Individually, and JIM HERNANDEZ, Individually,

                                      Defendants.

Docket No.

------------------------------------------------------------------------X

## COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100